IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KATIE MARIE KLOTH | Criminal Action No.<br>1:26-cr-00258-ELR-JSA |

**MOTION TO SUPPRESS EVIDENCE**

Katie Marie Kloth, by and through undersigned counsel, hereby moves to suppress all evidence derived from her unlawful, prolonged detention and subsequent arrest on May 12, 2022. Ms. Kloth was detained for hours without reasonable suspicion, and this detention morphed into an arrest without probable cause. Therefore, any evidence obtained as a result, including her statements and identity, must be suppressed.

**I. Background**

The following is based on discovery produced thus far. On May 12, 2022, Cobb County police officers responded to calls about a protest at Brasfield and Gorrie General Contractors LLC related to the company's work on the Atlanta Public Safety Training Center, commonly referred to as "Cop City." A large group of protestors were stopped by law enforcement in a nearby parking lot. Ms. Kloth and her co-defendant, Tyler Norman, were not a part of this group. Instead, they were seen walking out of a nearby wooded area behind a Goodwill store.

When approached, Ms. Kloth and Mr. Norman told the officers they were homeless and did not have identification. Ms. Kloth told the officers her name was Colleen Kiefer and Mr. Norman said his name was Robert Tyler. The officers were unable to confirm their identity through a Georgia Crime Information Center check. Ms. Kloth and Mr. Norman were not released, told of their charges, or given any citation at this point. Instead, they were held for hours while officers tried to confirm their identities. Ms. Kloth was not identified until she was taken to the Cobb County police precinct and officers checked her fingerprints.

## II. Argument

There was no reasonable suspicion to detain Ms. Kloth and Mr. Norman. Even if there were, law enforcement officers are not permitted to detain a person indefinitely to verify their identity. The unjustifiable and prolonged seizure of Ms. Kloth was illegal and, therefore, any evidence obtained as a result must be suppressed. Ms. Kloth was ultimately arrested without probable cause and her fingerprints were taken without a warrant.

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . . This inestimable right of personal security belongs as much to the citizen on the streets of our cities as to the homeowner closeted in his study to dispose of his secret affairs." *Terry v. Ohio*, 392 U.S. 1, 8–9 (1968). This means that

Ms. Kloth was "entitled to the protection of the Fourth Amendment as [s]he walked down the street" in Cobb County. *Id.* at 9. Even a brief seizure, without justification, is unconstitutional. *Id.* at 26-27.

In *Terry v. Ohio*, the Supreme Court articulated a "a dual inquiry for evaluating the reasonableness of an investigative stop." *United States v. Acosta*, 363 F.3d 1141, 1144 (11th Cir. 2004) (quoting *United States v. Sharpe*, 470 U.S. 675, 682 (1985)). The first inquiry is "whether the officer's action was justified at its inception . . . which turns on whether the officers had a reasonable suspicion that the defendant had engaged, or was about to engage, in a crime." *Id.* (quoting *United States v. Powell*, 222 F.3d 913, 917 (11th Cir.2000)). The second is "whether the stop went too far and matured into arrest before there was probable cause," which considers "whether the stop was reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* (cleaned up) (quoting *Powell*, 222 F.3d at 917).

To be sure, "[e]ven if the police have reasonable suspicion to make a [] stop, they do not have unfettered authority to detain a person indefinitely." U*nited States v. Campbell*, 26 F.4th 860, 881 (11th Cir. 2022). Any detention must be limited in both "scope and duration"and officers must always be diligent in whatever investigation they undertake. *Id.* In other words, a stop must be "no longer than necessary" and the authority for the stop ends when "tasks" lawfully related to

the stop "are—or reasonably should have been—completed." *Id.* at 882. (quoting *Rodriguez v. United States*, 575 U.S. 348, 349 (2015)). And the length of the detention is immaterial to whether it was lawful. There is no "de minimis rule" tolerating a brief detention, and a "thirty second delay" is no less serious of an intrusion than a "seven-minute delay" or longer. *Id.* at 884.

Here, there was no justifiable reason to stop Ms. Kloth and Mr. Norman and put them in handcuffs. The officers saw them walking out of a wooded area wearing gray clothing. A separate group of people who were identified as protestors were stopped nearby. Simply being in the same area as a group of people suspected of criminal activity, and wearing an unremarkable color of clothing, are insufficient to raise a reasonable suspicion of criminal activity.

Even if it were, the officers spent hours attempting to identify Ms. Kloth and Mr. Norman. Part of this delay was due to the failures of the facial and fingerprint recognition technology the officers employed. Only after Ms. Kloth was detained for hours, and only after she was arrested, without a warrant or probable cause, was she brought to the police precinct and had her identity verified. The officers certainly were not diligent in their policework, and Ms. Kloth's detention was unlawfully prolonged.

The fruits of this unlawful detention include any property taken from Ms. Kloth at the time of her detention, any statements she gave to law enforcement

during her detention, and the confirmation of her identity gathered from her fingerprints. There is presently a circuit split as to whether a person's identity can be suppressed. *See United States v. Oscar-Torres*, 507 F.3d 224, 228 (4th Cir. 2007) (comparing cases). The Eleventh Circuit has held that it cannot. *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1189 (11th Cir. 2009). The Supreme Court has held, however, that fingerprint evidence used to identify someone as a suspect when there is no probable cause to arrest them *can* be suppressed. *See Hayes v. Fla.*, 470 U.S. 811, 815 (1985) (fingerprints taken during unlawful arrest without judicial authorization used to link defendant to crime must be suppressed) and *Davis v. Mississippi*, 394 U.S. 721, 728 (1969) (fingerprints improperly admitted into evidence when individual was unlawfully detained and put through two fingerprint sessions to confirm identity).

Here, just as in *Hayes* and *Davis*, Ms. Kloth was unlawfully detained and held for hours until the officers could confirm her identity. "[T]here was no probable cause to arrest, no consent to the journey to the police station, and no judicial authorization for such a detention for fingerprinting purposes." *Hayes*, 470 U.S. at 814. Accordingly, the fingerprints cannot be used against Ms. Kloth to connect her to the alleged offense. Nor can any evidence or statements taken during the unlawful detention be used against Ms. Kloth at trial.

## III. Conclusion

Based on the foregoing, Ms. Kloth respectfully requests that the Court (1) hold a hearing, at which the government must establish reasonable suspicion justifying both the initiation and the prolonging of the stop on May 12, 2022, and establish probable cause for the arrest of Ms. Kloth on that date; (2) allow counsel to file supplemental briefing after the hearings; and (3) suppress the fruits of the unlawful stop, detention, and arrest of Ms. Kloth.

Respectfully Submitted, this 12th day of November, 2026.

*/s/ Michelle Tatum McIntyre*
MICHELLE TATUM MCINTYRE
GEORGIA BAR NO. 164231
COUNSEL FOR MS. KLOTH

*/s/ Kenyatta Barthelemy*
KENYATTA BARTHELEMY
LOUISIANA BAR NO. 40664
ATTORNEY FOR MS. KLOTH

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, Georgia 30303
404-688-7530; F. 404-688-0768
Michelle_McIntryre@fd.org